## HARVESTER KING CO. v. MITCHELL, LEWIS & STAVER CO.

(Circuit Court, D. Oregon. August 25, 1898.)

1. CONTRACT—CONSIDERATION—WANT OF MUTUALITY.

A contract by which one party agrees to order from the other all of certain machines and extras required to supply the trade of a certain territory, which the second party agrees to furnish "without any liability for damages for failure from any cause to furnish such machines and extras," creates no obligation on the part of the second party, and is without mutuality.

2. SAME—PART PERFORMANCE OF VOIDABLE CONTRACT.

Where a contract, voidable for want of mutuality because by its terms it does not bind one of the parties, is performed by such party on demand made by the other, it becomes obligatory.

This is an action for breach of contract, and was heard on a motion to strike out parts of the complaint.

J. R. Stoddard and E. B. Watson, for plaintiff.

Idleman & Webster and Dolph, Mallory & Simon, for defendant.

BELLINGER, District Judge.   This action arises out of a contract between the Craver & Steele Manufacturing Company and the defendant.   The plaintiff company has succeeded to the rights of the former company under the contract.   By this contract the Craver & Steele Manufacturing Company appointed the defendant company their agent for the sale of their harvesting machines in the states of Oregon and Washington and Northern Idaho, for a "term ending December 31, 1893."   The defendant company accepted the appointment and agency, and agreed—

"To sell the goods of the first party on commission.   To get such commission from the sale of such goods, at prices over and above the prices herein named, such commission to be in full pay for all services and demands or claims under this contract.   To order from the first party all machines and extras needed for the trade in said territory; not to order more machines than he has good reason to believe will be needed for said trade.   To handle the header of the first party's make exclusively.   To promptly receive all machines and extras ordered or transferred to him under this contract.   To pay the freight on same, keep the same well housed and properly stored until sold, and all unsold to June 1st, 1894 (or until otherwise disposed of by first party).   To make no charge for storage or caring for goods.   To pay all taxes and assessments on said goods while in second party's possession.   To insure goods in the name and for the benefit of the first party for two-thirds of their net price, and, upon failure to insure, in case of loss to stand indebted to first party for amount for which they should have been insured.   First party to be charged with cost of insurance on machines while in Portland, Oregon.   To push the sale of said goods by canvassing, exhibiting, and advertising to the best of second party's ability.   To do all necessary expert work pertaining to such machines, at their own expense.   To sell machines subject only to the conditions of the printed warranty of the first party, and on no other conditions whatever.   To deliver to each purchaser copy of such warranty.   To order from first party all extras that may be needed for said territory."

In consideration of these agreements on the part of the defendant company, the manufacturing company, party of the first part, agreed to fill the orders of the second party for machines and extras without any liability for damages for failure from any cause to furnish such

machines and extras. The complaint is that the defendant, in violation of its agreement, supplied the market only in part with extras manufactured by the Craver Company; that it did not order from the company the extras required by the market, nor sell all that were ordered; but that it supplied the market, to an amount stated in the complaint, with extras manufactured by itself, or bought from other parties, to the damage of the Craver & Steele Manufacturing Company.

I am of the opinion that there is no mutuality in the contract sued on. The stipulation against liability on plaintiff's part for damages for its failure from any cause to comply with the contract in effect releases the plaintiff from any obligation to perform its agreements. Where there is no liability, there is no obligation, and, without an obligation to perform on the part of one of the parties, neither is bound. So much for the terms of the contract. It is, however, alleged in the complaint, in effect, that at defendant's request, or on its order, plaintiff furnished the goods and wares agreed to be furnished to a much larger amount than was sold by it, and that defendant supplied from other sources to its customers goods to a large amount of the character for which it had accepted plaintiff's agency. Now, to the extent to which goods were supplied by plaintiff on defendant's order, and for which there was a demand in defandant's business, as shown by its sales, the defendant is liable under its contract. It was open to the defendant to have refused to proceed under this contract; but when it calls upon the other party for a compliance with its agreements, and such agreements are complied with, it is too late to say that the obligation to perform such agreements was not binding, and might have been refused. A contract, when executed by one party, is a sufficient consideration for the agreements of the other, without reference to the obligatory character of the agreements that have been performed. The case is not different in principle from one where a party agrees to sell to another certain goods, upon a promise to receive and pay for them, but the circumstances of the case are such that no action will lie against the seller for a failure on his part. Now, if in such case the seller does in fact comply with his agreement, and the goods are delivered, much less where this is done upon a special order therefor, the duty to pay for them is absolute. The motion to strike out parts of the complaint is denied.