## LOGAN G. GROOMER, Respondent, v. ISAAC McCULLY, Appellant.

### Kansas City Court of Appeals, April 7, 1902.

Contracts: OFFER: WITHDRAWAL: CONSIDERATION. Defendant was a grantor in a chain of title to certain land lately bought by plaintiff, the paper title to which appeared defective. Defendant promised to pay a certain amount if plaintiff would have the title perfected. Before plaintiff took any steps toward perfecting the title defendant withdrew the offer. Plaintiff perfected the title and brought his action to recover the promised amount. *Held*, he could not maintain it since the offer was revocable until plaintiff had changed his condition as until such time there was no consideration for the promise.

Appeal from Daviess Circuit Court.—*Hon. E. J. Broaddus,*
Judge.

REVERSED.

*Thos. A. Gaines* and *Hicklin, Leopard & Hicklin* for appellant.

(1) The agreement lacks in mutuality. Brown v. Rice,
29 Mo. 322; Glass v. Rowe, 103 Mo. 539; Jones v. Durgin,
16 Mo. App. 370; Gann v. Railroad, 65 Mo. App. 672. (2)
McCully had the right to recall his proposition and not be
further bound, independent of the feature of his want of
knowledge of obligations on his covenants at the time he
agreed to pay not to exceed $50. Jones v. Durgin, supra;
Church v. Kendall, 121 Mass. 529; McCabe v. O'Conner, 69
Iowa 134; 6 Am. and Eng. Ency. of Law (2 Ed.), page 689,
and authorities there cited; Vandyke & Co. v. Walker, 49 Mo.
App. 381.

*Wm. D. Hamilton* and *Boyd Dudley* for respondent.

(1) The contract was mutual. Railroad v. Cox, 55 Ohio
St. 497; 21 Beach on the Modern Law of Contract, sec. 889;
Bigler v. Baker, 40 Neb. 325; s. c., 24 L. R. A. 255; Lindell
v. Rokes, 60 Mo. 249. (2) The contract could not be re-
called or rescinded without new agreement based on new con-
sideration. Henning v. Ins. Co., 47 Mo. 425; Merrill v. Cen-
tral Tr. Co., 46 Mo. App. 236; Holloway v. Ins. Co., 48 Mo.
App. 1; Feld v. Inv. Co., 123 Mo. 603. (3) There was
ample consideration. Story on Contracts, secs. 429-431;
Carr v. Card, 34 Mo. 517; 6 Am. and Eng. Ency (2 Ed.),
678; Block v. Elliott, 1 Mo. 275; Halsa v. Halsa, 8 Mo.
303; Mullanphy v. Reilley, 8 Mo. 675; Hudson v. Busby,

48 Mo. 35; Williams v. Jensen, 75 Mo. 681; Houck v. Frisbee, 66 Mo. App. 16; Mills v. Wyman, 3 Pick. (Mass.) 207.

ELLISON, J.—This is an action on a special verbal contract between plaintiff and defendant. The judgment in the trial court was for plaintiff. It appears that defendant was the owner of a certain forty acres of land and that he conveyed it by warranty deed to his son. That the son thereafter conveyed to this plaintiff by warranty deed. Afterwards, plaintiff discovered a defect in the paper title which could be corrected by quitclaim deeds from some heirs of a person who owned the land prior to defendant's purchase. Plaintiff and defendant met and discussed the defect, whereupon defendant told plaintiff "to go ahead and straighten it up and if it don't cost over fifty dollars I will pay it." Shortly afterwards, perhaps on the same day, at least before plaintiff did anything towards performing his part of the contract, the defendant having been advised by his attorney that the title was, in fact, good, notified plaintiff's agent, who immediately informed plaintiff that he would not pay anything; that is, that he withdrew the proposition.

Plaintiff, however, went ahead and perfected the paper title at an expense within the fifty dollars agreed upon and thereafter brought this action on the contract as before stated. At the trial defendant asked and the court refused the following instructions:

"1.    The court instructs the jury that under the law and the evidence plaintiff can not recover.

"2.    The court instructs the jury that although they may believe from the evidence that defendant agreed, in the presence of plaintiff and witness Maupin, that he would pay the expense of perfecting title to the land mentioned in plaintiff's statement by suit or otherwise, to the amount of fifty dollars, yet if they further believe that defendant, before anything was done in pursuance of said agreement, told said Maupin, as the

agent of plaintiff, that he would not pay any part of such expenses and that Maupin informed plaintiff of defendant's refusal to pay, before any expense had been incurred, then the verdict must be for the defendant."

It is no objection to a contract that no consideration is rendered by one of the parties before, or at the time it was made, and it is sufficient to support it if such party afterwards does something in compliance therewith that is beneficial to the other or hurtful to himself. But he must do this on the faith of the contract. In this case plaintiff contends that he did afterwards expend time and money on the faith of the contract. But he did that after notice of defendant's withdrawal. The question, therefore, is this: In case of a contract embodying a proposal from one party to another, that if the latter will proceed to do a certain thing the former will pay him so much, or the expense of doing it, can the party proposing to pay withdraw from the contract by notifying the other party before he has altered his position? In our opinion he can. Church v. Kendall, 121 Mass. 529; McCabe v. O'Conner, 69 Iowa 134; Train v. Gold, 5 Pick. 380; Hilton v. Southwick, 17 Maine 303; Barnes v. Perine, 9 Barb. 202; Willetts v. Ins. Co., 45 N. Y. 47; White v. Baxter, 71 N. Y. 254; Marie v. Garrison, 83 N. Y. 14.

In the case first cited the court said: "Where one promises to pay another a certain sum of money for doing a particular thing, which is to be done before the money is paid, and the promisee does the thing, upon the faith of the promise, *which was before a mere revocable offer,* thereby becomes a complete contract upon a consideration moving from the promisee to the promisor as in ordinary case of an offer of reward." If the act which is the foundation of the promise is afterwards done, the promise becomes binding. "In the intermediate time the obligation of the contract or promise is suspended; for until the performance of the condition of

the promise, there is no consideration and the promise is *nudum pactum.*" Miller v. McKensie, 95 N. Y. 575.

Up to the time when the promisee takes action towards doing the thing which he is to do to earn the fruits of the promisor's promise, the consideration is stated by the foregoing authorities to be suspended and only becomes operative as a valid thing of substance when the promisee acts on the faith of the contract before notice of withdrawal. In this case that time never arrived, for before any action was taken the defendant revoked his offer and thereby annulled the agreement.

If there had been any substantial controversy as to the facts, the trial court should have given plaintiff's second instruction. As there was not it should have given his demurrer. The judgment will therefore be reversed. *Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.