E. C. SOOY, Respondent, v. R. L. WINTER, et al., Appellants.

Kansas City Court of Appeals, February 5, 1915.

1. VENDOR AND VENDEE: Offer to Purchase: Withdrawal. An offer to purchase real estate may be withdrawn before it is accepted by the owner or he has changed his position to his detriment.

2. ———: **Right to Withdraw: Consideration: Acceptance.** The party proposing to purchase real estate may make a valid agreement with the owner, *if there be a consideration to support it*, that the offer will not be withdrawn until the owner has a certain time, or a reasonable time, in which to accept. Question of consideration discussed.

3. ———: ———: **Consideration.** Where a party makes a proposition to purchase real estate agreeing that the owner may have a reasonable time to accept, the owner agreeing to nothing on his part, the agreement is voidable for want of consideration. Question of consideration discussed.

4. **CONTRACT: Invalid: Avoidance: Performance.** Though one may avoid the performance of an executory contract for want of a consideration, yet if he performs it, as for instance by paying money, it is a valid act and he cannot recover the money back.

Appeal from Jackson Circuit Court.—*Hon. A. C. Southern,* Judge.

REVERSED AND REMANDED.

*Ball & Ryland* for appellants.

(1) The petition doesn't state facts sufficient to constitute a cause of action. (2) Under the pleadings and evidence the finding and judgment should have been for the defendants. The allegations of the petition show that the plaintiff and Hoyt deliberately broke the agreement made with Winter at the time the checks for $1000 were made out and delivered to him. Under that arrangement and agreement defendants' principal was entitled to a reasonable time within which to accept or reject the offer. 7 Am. & Eng. Encyc., p. 134, note 2; 9 Cyc. 392; Bruner v. Wheaton, 46 Mo. 363; Cangas v. Ramsey Mfg. Co., 37 Mo. App. 297. (3) The theory of the petition, and of the court below in making its finding and rendering its judgment, was that, notwithstanding the arrangement for the submission of the proposition and the deposit of $1000 for the purpose, as even Hoyt expresses it of making "the

deal sure," the plaintiff and Hoyt had a lawful right to withdraw their offer at any time between the time when it was resubmitted and before it was actually accepted, and that they could lawfully do this without allowing any reasonable time. This is not the law. 9 Cyc. 387; Tiedeman on Sales, sec. 41; Pollock on Contracts, Wald. Ed. 24; Lawson on Contracts, sec. 28; Litz v. Goosling, 21 L. R. A. 127; Note 128, 130.

*Cook & Gossett* for respondent.

(1) An offer to contract may be withdrawn at any time before it is accepted. Groomis v. McCully, 93 Mo. App. 544; Arnold v. Cason, 95 Mo. App. 426, 433, 439; Soran v. Richards, 151 Mo. App. 656, 660; Egger v. Nesbitt, 122 Mo. 667; 9 Cyc. 284, 5, 6, 7. (2) So, as a corollary to the above, an offer given to an agent who has no authority to accept it, but only to forward it to his principal may be withdrawn at any time before it is accepted by the principal. 9 Cyc. 285.

ELLISON, P. J.—Plaintiff's action was instituted to recover $500, the amount of his check payable to defendant and cashed by the latter. He recovered judgment in the circuit court.

The controversy arose over a proposal for the purchase of real estate. It appears that the New York Life Insurance Company owns what is known as the Heist Building on Main street in Kansas City. That the chief office and the principal officers of the insurance company are in New York City; but defendants resided in the former city and were the agents for the company's property in that city. Plaintiff and W. A. Hoyt, acting together, made an offer to defendants of $75,000 for the property. Defendants stated they were not authorized to sell at that price, but if plaintiff and Hoyt would authorize them to make the offer and put up $1000 "to make sure" of the sale if the offer was accepted, the money to be returned if the offer was not

accepted, and to supply on purchase money if it was, they would submit it. This was agreed to and plaintiff and Hoyt each gave their checks to defendants for $500, plaintiff's check being thereafter cashed. Defendants submitted the offer to the company in New York City and the latter rejected it. Defendants notified plaintiff and Hoyt and proposed that they authorize them to resubmit their proposition of $75,000, promising to endeavor to prevail upon the Insurance Company to accept. Plaintiff and Hoyt agreed to this and in accordance therewith let the two checks remain with defendants.

This agreement to resubmit the offer on the same terms was on the 24th of December, 1912, and defendants' letter to the company making the resubmission was read to Hoyt and mailed on the 25th. But on the second day thereafter, perhaps before the company received the new offer, at least before there was reasonable time to act on it, plaintiff and Hoyt, in a telegram by the latter, withdrew "all offers." On the 31st of December the company formally accepted the renewal offer and defendants notified Hoyt that the company was ready to close the deal. The greater part of the foregoing statement of the facts is taken from plaintiff's petition.

The general rule of law is that an offer of purchase may be withdrawn before it is accepted, or the party receiving the offer has changed his position, to his detriment, in consequence of the offer: Groomis v. McCully, 93 Mo. App. 544. As bearing on the question see also Egger v. Nesbit, 122 Mo. 667 and Soran v. Richards, 151 Mo. App. 656, 660.

But this rule does not prevent one from protecting himself against such withdrawal by requiring an agreement from the one making the offer to pay damages, if the withdrawal is made before a certain time named for acceptance; or, before a reasonable time has expired, if no certain time is fixed. The parties

may therefore agree that the offerer will pay to the other a certain sum to be considered as liquidated damages in case he withdraws the offer before a reasonable opportunity for acceptance, or if accepted, he fails to consummate the offer by purchase: Tiedeman on Sales, sec. 41; Pollock on Contracts, 24; Litz v. Goosling, 21 L. R. A. 128, 130, (note).

We think there was evidence tending to show, considering the circumstances of the entire transaction, that plaintiff and Hoyt agreed that the sum put up by them should be considered as liquidated damages in case they refused the property after the company had a reasonable opportunity to accept and did accept their offer, or in case they withdrew their offer before there was reasonable time for the company to decide on acceptance.

But this agreement must be based on a legal consideration. If it lacks a consideration it cannot, of course, be enforced. In this case there was no consideration moving from the insurance company to plaintiff and Hoyt, or either of them to support their contract not to withdraw their offer of purchase until the expiration of a reasonable time for its acceptance by the company; or, that if they did withdraw it, they would pay one thousand dollars liquidated damages. The effect of the contract was merely that plaintiff and Hoyt would give the company's proper officers a reasonable time in which to exercise the mental function of deciding whether they should accept the offer. Plaintiff and Hoyt were not to get anything, nor was the insurance company to lose anything. So there was nothing beneficial to one, or harmful to the other. If the Insurance Company, through it's proper agents, had asked for a certain time, or a reasonable time, in which to accept or reject the offer and had agreed that in consideration that plaintiff and Hoyt were to give that time, that it would take the property off the market and consider no other offers while considering their

offer, or the like, we·would have a different question.` But as it is, the Insurance Company, to borrow the words used in Benjamin on Sales,·sec. 64, "is bound to nothing, does nothing, gives nothing, promises nothing," whereby it has any legal right to ask plaintiff and Hoyt to pay it one thousand dollars. It is the ruling in a great majority of the cases that the offerer may withdraw his offer before it is accepted, for the reason that there is no consideration to support his agreement that he will hold it open. And this is the law stated by the text writers. [Wharton on Contracts, sec. 10; Story on Contracts, sec. 495; Story on Sales, secs. 125, 126; Bishop on Contracts, sec. 77-79; Benjamin on Sales, sec. 41; 1 Chitty on Contracts, 16; 1 Parson on Contracts, 481, 482.]

Though both Wharton (Sec. 13) and Story in his work on Sales (Sec. 127) and on Contracts (Sec. 496) materially qualify this rule by an argument to the effect that the proposal, or offer, promised to be kept open for a certain, or a reasonable time, the other party agreeing to consider it, itself shows a consideration. The suggestions and illustrations of these learned authors in support of their criticism of the rule are not looked upon with favor. [Benjamin on Sales, supra; Weaver v. Burr, 31 W. Va. 736, 755-758.]. The Supreme Court of West Virginia, in the case just cited, expressly states that if the party receiving the offer should agree that while considering it he would decline other offers, or cease to seek others, or the like, it would be a consideration to support a denial of the right to withdraw. "But," says the court, "where the party to whom the promise to keep the offer open for a limited time is made neither pays, nor promises to pay, or to do, or to refrain from doing, any act in consideration of such promise on the part of the proposer, such promisee is in no manner bound to incur any expense, attention, or care in regard to the pro-

posal.  He is free from all obligation in regard thereto, and as a consequence thereof, the proposer is not bound and may therefore retract his offer at any time before the same is accepted.  The party to whom the promise was made having acquired no legal right to enforce the same against the proposer, he can suffer no legal wrong when the same has been withdrawn and, there being no wrong, there can be no remedy.''  In two places on page 757 of the report of this case, in quoting from Benjamin, there is an inadvertent interpolation of the words ''do'' between the words ''to'' and ''nothing,'' which detract from the force of the statement.

To allow a contract, like the one in controversy, to be a legal and enforcible obligation against the promisor, would be no less than to bestow upon the promisee a sum of money as a gratuity.

But, nothwithstanding the foregoing, the question remains, whether plaintiff is in position to invoke the rule of law stated.  If one makes an executory contract which lacks a consideration, he may avoid it when called upon for performance.  But if he chooses to execute the contract by performance there is nothing to hinder his doing so, and he cannot turn round and seek to undo his voluntary act.

As already stated, there was evidence tending to support defendant's theory that the check was intended as a guaranty that a reasonable time would be given for acceptance of the proposition of purchase.  If that theory is believed by a jury, then defendant should prevail.  For, plaintiff's check, being afterwards paid, was not different from an actual payment of the money in the first instance.

But there was likewise evidence tending to show that the checks, were to be held as cash and applied on the purchase price if there was a sale; and if there was no sale, they were to be returned; and that this included, by necessary inference, the right to withdraw

the offer at any time before it was accepted by the insurance company. If this is true it would negative the idea of voluntary payment referred to above and would leave defendant in the position of having cashed the check in controversy without authority.

The case was not tried in accordance with these views and the judgment will therefore be reversed and the cause remanded.

All concur.