### DALLAS HOTEL CO. v. BUFFINGTON.
### (No. 9933.)

Court of Civil Appeals of Texas. Dallas.
March 26, 1927.

Rehearing Denied April 30, 1927.

1. **Master and servant ⬅➡382—Where injured employé turned over compensation checks to employer in accordance with agreement for employment, question of consideration was immaterial.**

Where, after accident, employé made contract with employer to turn over his compensation checks in consideration that he would be retained in its employ and be paid his full wage, and employé turned over checks in accordance with agreement, question of lack of consideration was immaterial since it could not afford ground for rescission where contract had been performed.

2. **Evidence ⬅➡65, 66—Employé, turning over compensation checks to employer in consideration of employment, held chargeable with knowledge of Compensation Act and of settlement in his behalf (Workmen's Compensation Law [Rev. St. 1925, art. 8306, § 12]).**

In suit by employé to recover amount of compensation checks turned over to employer under agreement that he would be retained in its employ, knowledge of provisions of Workmen's Compensation Law (Rev. St. 1925, art. 8306, § 12) on part of employé was presumed, and he was also charged with full information

as to settlement made in his behalf on account of claim for compensation.

3. **Master and servant ⬅➡382—Injured employé, delivering compensation checks to employer under agreement, could not repudiate contract, in absence of fraud, accident, or mistake.**

Where employé, after accident, turned over compensation checks to employer, under agreement, in consideration for retaining his employment at same salary, he could not, in absence of fraud, accident, or mutual mistake in making or executing contract, be heard, after full performance, to repudiate his dealings and recover amount of checks.

4. **Equity ⬅➡6—Equity will not relieve against mistake of only one party not induced by fraud.**

Equity will not extend its protecting power to relieve against results occasioned by mistake of only one party to contract, not induced by fraud of a party thereto, or result of accident.

Appeal from Dallas County Court; Payne L. Bush, Judge.

Suit by W. C. Buffington against the Dallas Hotel Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Phillips, Townsend & Phillips, of Dallas, for appellant.

Taylor & Irwin and Jasper & Cruse, all of Dallas, for appellee.

VAUGHAN, J. Appellee instituted this suit July 22, 1925, to recover from appellant, a corporation owning the Adolphus Hotel in Dallas, Tex., the aggregate sum of nineteen compensation checks for $16.58 each, issued to him by United States Fidelity & Guaranty Company, as compensation for an injury received by him while in the service of appellant as a carpenter, alleging that appellant made certain fraudulent representations to him whereby he was induced to assign and deliver said compensation checks to it; that such delivery and assignment was without consideration, and he was therefore entitled to recover from appellant said checks or their cash value of $315.02. Appellant, by appropriate pleadings, denied appellee's allegations as to the acts of fraud charged against him and that said checks were delivered to it without consideration, specially pleaded facts which, if established, show that delivery of said checks was based upon sufficient consideration. Trial before the court without a jury resulted in judgment for appellee in the sum of $248.70. On motion of appellant, conclusions of law and fact were filed which it will not be necessary to reflect herein, as the disposition of this appeal will of necessity depend upon the following facts established by, and without dissent in, the evidence:

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellee, while in the employ of appellant, at a wage of $125 per month, sustained an accident on the 12th day of April, 1924, by which the second finger of his hand was cut off at or above the first phalange, the third finger of his hand cut off at or above the second phalange, and the end of his first finger cut off halfway of the nail. He was awarded compensation in the sum of $16.58 per week for 27 weeks, which was paid weekly by checks in the sum of $16.85, as full compensation for said injury. Soon after said injury, and before the first check was received, and while appellee was incapacitated to fully perform the duties of his employment, he made a contract with appellant to turn over to it the compensation checks to be received by him, in consideration that he would be retained in its employ, perform his duties as best he could, and be paid by appellant his full wage of $125 per month. Under said agreement appellee received said monthly wage and delivered to appellant nineteen of his weekly compensation checks, the last eight of said checks being retained by him at the suggestion of appellant's manager that, as he had become able to perform his full duties, he would retain the rest of said checks. Appellee continued in the employ of appellant from the date he was injured to May, 1925, which was six months after the delivery of the last compensation check to appellant. That neither the making of the contract nor its execution was procured or induced by any fraudulent act or conduct on the part of appellant. No objection was made by appellee to the delivery and retention of the nineteen checks received by appellant. Said checks were not delivered by appellee or received by appellant under a mutual mistake. The agreement on the part of appellant to continue appellee in its employment at the wage of $125 per month in his then incapacitated condition to perform his full duties was sufficient consideration for the agreement on the part of appellee to turn over to appellant the nineteen compensation checks received by it, and appellant did not withhold any information from appellee which it was under a duty to disclose to him.

[1, 2] As to appellee's contention that the contract was without consideration to support it, it is sufficient to say the fact that the contract was not procured through fraud and had been fully performed according to its terms and provisions, without any question by appellee in reference to the right of appellant to demand or receive the payment of the checks involved, the question of consideration or lack of consideration became immaterial, as lack of consideration, under such circumstances, can afford no ground for rescission. Appellant paid to appellee his full salary of $125 per month up to the time he left its employ, and it received from him compensation checks until at the request of appellant no more were delivered. Said contract thereby became an accomplished fact, as each party thereto had performed that portion of the contract obligatory upon him, and whether or not there existed at the time of the making of such contract a lack of consideration became immaterial, as performance of its terms left nothing for the law to take note of and no right remained on the part of appellee to question the right of appellant to receive the benefits of such contract for the want of consideration, for the making thereof. Page on Contracts, vol. 1, p. 906; 13 C. J. 314; Elliott on Contracts, vol. 1, p. 230; King v. Bank of Pangburn, 150 Ark. 138, 233 S. W. 920; Sooy v. Winter, 188 Mo. App. 150, 175 S. W. 132; U. S. v. Traugott, Schmidt & Sons (D. C.) 2 F.(2d) 290. There is no merit to appellee's contention that he was ignorant of the number of compensation checks he was to receive or for what purpose they were issued or the length of time they would be received, because the law under which he received said checks imputed to him notice thereof, viz. section 12, art. 8306, of the Workmen's Compensation Law, R. C. S. 1925, makes certain the amount for which compensation checks should be issued and what they cover and are for, viz. the injury appellee had suffered, and its very terms, to wit, "for the injuries enumerated in the following schedule the employé shall receive, in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent. of the average weekly wages of such employé," disclosed to him that said checks covered only his injury and did not cover any loss of time, and furthermore how the compensation allowed him for such injury should be paid, and that the amount of the award made as compensation for the injuries received by him should be paid in equal weekly installments. Certainly, being a beneficiary of the law, and receiving the checks as such, a knowledge of said provisions of the law on the part of appellee was presumed, and, in addition thereto, he was charged with full information as to the settlement made in his behalf on account of his claim for compensation. Therefore he was not in a position to plead ignorance of the law or contend that in said transaction he believed the checks covered something which the law expressly provided they did not cover.

[3, 4] This should dispose of appellee's further contention that the judgment of the court below should be affirmed, not because of actual fraud but because of legal fraud, viz. that appellee was laboring under a mistake as to what the compensation checks were for—a mistake of fact that appellant failed to correct—and notwithstanding the existence of same received the money represented by said checks. Appellee was in no

better position to base his right to recover on a claim of legal fraud than on a claim of actual fraud, as legal fraud cannot any more exist in contravention of the knowledge of one's rights under the law than actual fraud. Appellee's course of conduct in dealing with said checks was but the interpretation placed by him on the terms and provisions of the contract providing for delivery of them, and, in the absence of fraud, accident, or mutual mistake, in making or in the execution of said contract, he cannot be heard, after full performance, to repudiate the effect of his dealings with appellant in reference to said checks. Especially is this the case in view of the fact that there was no evidence that appellant knew of any mistaken belief in reference to said checks on the part of appellee. Appellee assumes to apply to the delivery of the checks the rule of law applicable to payment made under a mistake of fact for the extinguishment of a debt supposed to exist, and received under a claim of right which in fact did not exist. Such is not the instant case. Appellee owed appellant no debt. The delivery of the checks was in keeping with appellee's interpretation of the terms of the contract, as established by him, and this without any claim being asserted by appellant to the checks. Therefore he was not entitled to prevail in this suit. This holding is not in conflict with the general rule that equity will award a recovery of money paid out under a mutual mistake, or when payment has been induced through fraud of one of the contracting parties, as equity will not extend its protecting power to relieve against results occasioned by the mistake of only one party to a contract, not induced by the fraud of a party thereto, or the result of accident. This is not a case based upon alleged mutual mistake or accident, and the fraud alleged in reference thereto was not established. Because of the want of evidence to sustain the judgment of the trial court, the cause is reversed, and judgment rendered in favor of appellant that appellee take nothing by his suit.

Reversed and rendered.