**Robert A. YARBER, Appellant,**

v.

**A. Warren MOREY, Appellee.**

**No. 7723.**

Court of Civil Appeals of Texas.

Texarkana.

May 3, 1966.

Rehearing Denied May 24, 1966.

William S. Campbell, Dallas, for appellant.

Blair Rugh, Dallas, for appellee.

DAVIS, Justice.

A suit on a promissory note. Plaintiff-appellee, A. Warren Morey, sued appellant-defendant, Robert A. Yarber, on a promissory note in the principal sum of $3,000.00, dated September 15, 1962, and due 120 days after date. Appellant filed a verified answer. In the verified answer he set up several special exceptions and three pleas of estoppel. Appellant further alleged that there was no consideration for giving the note; or, the consideration, if any, had failed. Appellant further alleged that the note was given on the basis of a Written Agreement between appellant and a partnership of the architectural firm of Morey & Burns to build an office building and a parking area. The Standard Form of Agreement Between Owner and Architect was executed on the 21st day of December, 1959. It was prepared by Morey and Burns. Appellant could not raise the necessary finances and the office building and parking area have not been constructed.

The appellee says that the $3,000.00 note is based on the Written Agreement, and that he, Morey, is the sole owner of the note. The Written Agreement contains the following covenants:

"11. Successors and Assignments

"The Owner and the Architect, each binds himself, his partners, successors, legal representatives, and assigns to the other party to this Agreement, and to the partners, successors, legal representatives and assigns of such other party in

respect to all covenants of this Agreement.

"Except as above, neither the Owner nor the Architect shall assign, sublet or transfer his interest in this Agreement without written consent of the other."

"12. Arbitration

"Arbitration of all questions in dispute under this Agreement shall be at the choice of either party and shall be in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects. This Agreement shall be specifically enforceable under the prevailing arbitration law and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. The decision of the arbitrators shall be a condition precedent to the right of any legal action."

Appellee filed a motion for summary judgment, which was granted. Appellant has perfected his appeal and brings forward one point of error.

By the point, appellant says the trial court erred in granting the motion for summary judgment. In his brief he says that there are material issues of fact to be decided by the trial court, or a jury, after hearing all the evidence.

█ The appellee did not file a verified original petition. Neither did he allege that the note was given for a valuable consideration. Appellant alleged in his verified answer and in his verified affidavit in reply to the motion for summary judgment that the note was given as the result of the Written Agreement. Appellee, likewise, alleged that the note was given as the result of the Written Agreement. Under the pleadings and the record in the case the following issues of material fact were raised: Whether or not there was a consideration for giving the note; whether or not the transfer and assignment of the written agreement is in violation of the covenants of the Written Agreement; whether or not the note should be paid until the office building and parking area was constructed according to the Written Agreement; whether or not the matter should be submitted to an arbitration according to the Written Agreement; and, whether or not the pleas of estoppel should be enforced. There are other questions of fact that are raised that should be decided as to the actual cost of the office building and the parking area that is defined and described in the Written Agreement. The appellee was supposed to be paid Six (6%) per cent of the actual cost as a basic fee. There is no showing in the record as to the actual cost. The note as given was given to Morey only, and he alleged that he was the sole owner of the claim because, he said, Burns had assigned all his interest to him. He testified that there was a written assignment and promised to furnish the same. Apparently he never did do so, because it is not included in the record. Appellant alleged in his affidavit that he did not agree to the assignment and that it probably ran afoul of the restrictive covenant.

Appellee contends that he is entitled to the judgment, as a matter of law, under holding of Lozano v. Meyers (Tex.Civ. App.) 8 S.W.2d 785, is affirmed by the Commission of Appeals, 18 S.W.2d 588, op. adpt. by Sp.Ct. In this case, G. M. Lozano and wife executed a Builder's Contract with E. J. Meyers and R. W. Mulhausen. Lozano and wife executed a Mechanic's Lien Note for $45,000.00, payable to Meyers and Mulhausen, and executed another $2,000.00 note payable to R. W. Mulhausen. The $2,000.00 note was transferred to L. H. Thompson, and was later transferred to A. G. Purdy. Each transfer was for a valuable consideration. The courts held in this case that the Deed of Trust Lien and Note should be canceled, but held that Purdy was entitled to recover on the $2,000.00 note because he was a holder "in due course". Appellee, Morey, is the hold-

er of the Note in this suit against which there has been plead no consideration, estoppel, etc.

There are many cases that hold that where an issue of fact is raised it is error to grant a summary judgment. The pleadings, affidavits and depositions in this case directly contradict the contention made by the appellee. In Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company (Tex.1965) 391 S.W. 2d 41, the court said: "[E]vidence which favors the movant's position is *not* considered unless it is *uncontradicted.*" (Emphasis added.) Farris v. Nortex Oil & Gas Corporation, (Tex.Civ.App.1965), 393 S.W. 2d 684, W.R., N.R.E. Under the record in this case, the Note appears to be executory. As said in Sooy v. Winter, Kansas City Ct. of App. (1915), 188 Mo.App. 150, 175 S.W. 132: "If one makes an executory contract which lacks a consideration, he may avoid it when called upon for performance." Winningham v. Dyo (Tex.Comm.App. 1932), 48 S.W.2d 600, op. apprvd. by Sp. Ct. The point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded.