UNITED STATES of America, Plaintiff,

v.

**Glenn BEECHER, Mary Beecher, Robert Glenn, Marion Glenn, Kenneth Sellers and Mary Sellers, Defendants.**

No. 76–1151C(B).

United States District Court, E. D. Missouri, E. D.

Jan. 17, 1978.

---

Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Bruce Nangle, David Bloch, Clayton, Mo., for defendants.

## MEMORANDUM AND ORDER

REGAN, Senior District Judge.

In this action, brought by the United States, acting for and on behalf of its agency, the Small Business Administration (S.B.A.) to enforce three written guarantees, the government has moved for summary judgment. We have jurisdiction under 28 U.S.C., Section 1345.

In March, 1974, the Commerce Bank of St. Louis made an S.B.A. guaranteed loan to County Intelligence and Security Systems, Inc. (CISSI), for which it executed and delivered to Commerce Bank its promissory note, due in installments, for $20,000 in principal amount with interest at the rate of 11% per annum. As part of the loan transaction each of the stockholders and his spouse executed a separate written guarantee, which read, in part, as follows:

"In order to induce Commerce Bank of St. Louis, NA, to make a loan or loans . . . to County Intelligence and Security Systems, Inc. . . . , the Undersigned hereby unconditionally guaran-

tees to Lender, its successors and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, with respect to the note of the debtor, made by the Debtor to the Lender . . . .".

The execution of the note and the separate guarantees have been admitted by the defendants. The note was assigned to the Small Business Administration in June, 1975. Thereafter, by reason of default in making certain installment payments, the SBA, in accordance with the terms of the note, declared the entire balance due and demanded payment thereof. The then outstanding balance on the note was $10,-875.97. As of June 26, 1976, the unpaid balance of principal and interest was $11,-671.58. Interest has accrued at the rate of $3.4742 per day.

The Beecher defendants have not responded to the motion for summary judgment. The Glenn and Sellers defendants dispute their liability on the guarantees on two bases, first that their guarantees, although on their face unconditional, are subject to certain oral conditions precedent, and secondly, that the note is without consideration.

The first contention is presented as an alleged understanding with Commerce Bank at the time the corporate checking account was opened in July, 1973, that two officers' signatures would be required on all checks drawn on the account. They further contend that said understanding was in effect when the March, 1974 loan was made and that unknown to defendants Glenn and Sellers, the signature card for the account was altered by defendant Glenn Beecher. With this groundwork prepared, Glenn and Sellers next assert that Beecher succeeded in misappropriating $8,453.30 of corporate funds from its account through the negligence of Commerce Bank. It appears to be the contention of these two defendants that Commerce Bank had no right to allow any proceeds of the loan to CISSI to be deposit-

ed in the altered checking account and to be disbursed therefrom and such circumstances rendered their guarantee ineffective. We find no merit to their contention. Defendants are bound by their unconditional written guarantees. See *U. S. v. Outriggers*, 549 F.2d 337 (5th Cir. 1977); *U. S. v. Inmordino*, 534 F.2d 1378 (10th Cir. 1976); *U. S. v. Proctor*, 504 F.2d 954 (5th Cir. 1974); and *Austad v. U. S.*, 386 F.2d 147 (9th Cir. 1967).

We add that even if there exists an issue of fact as to whether the Bank made the July, 1973 oral agreement or whether defendant Glenn Beecher acted improperly, such issue would be irrelevant to the issue of liability to the S.B.A. under the unconditional guaranty.

█ The second defense, to the effect that the note lacks consideration, is wholly without merit. The note recites that it was executed "for value received." Furthermore, defendants have expressly admitted its execution. Under Missouri law, the instrument imports consideration. The Court points out that a presumption exists that the note had been executed for valuable consideration. See *Sloan v. Paris*, 541 S.W.2d 316, 320 (Mo.App.1976); *Sooy v. Winter*, 188 Mo.App. 150, 175 S.W. 132 (1915). Not a scintilla of evidence has been cited to refute the fact of consideration. Instead, defendants rely solely upon their argument that the purported negligence of Commerce Bank negates any legal consideration which CISSI received. We disagree.

Rule 56(c), F.R.C.P., provides that the moving party is entitled to summary judgment if there is no genuine issue as to any material fact. In our opinion, we find that the facts necessary to establish the defendants liable on these guarantees are undisputed. Consequently, we grant plaintiffs' motion for summary judgment against these defendants.