ABRAHAM CONKLING, GUARDIAN, ET AL. v. MARY TUTTLE.

*Lease—Novation—Action for use and occupation—Recoupment.*

1. A tenant who has refused to pay rent until repairs are made, and is
accordingly notified to quit, has a right to regard the lease as ended,
and if the landlord then agrees to make the repairs provided the
tenant will stay, the lease is a new one.

2. In an action upon the common counts for use and occupation the ten-
ant can, under the general issue, set up a new agreement : and by
way of recoupment can, on giving notice, show damage to goods on
the premises.

3. Use and occupation may be sued for generally or specially without
reference to the form of the lease under which they are enjoyed.

Error to Washtenaw.    (Joslyn, J.)    Feb. 1.—Feb. 6.

ASSUMPSIT.    Defendant brings error.    Reversed.

*Sawyer & Knowlton* for appellant.    A tenant to whom
notice to quit is given can rely on it and it cannot be with-
drawn without mutual consent, and if consent is given a
new tenancy is created : Wood's L. & T. § 48; *Doe v.
Milward* 3 M. & W. 328; *Tayleur v. Wildin* 3 Exch. 303 ;
and the acceptance of the new lease is a surrender of the
old one ; Wood's L. & T. § 492; *Donkersley v. Levy* 38
Mich. 59 ; *Livingston v. Potts* 16 Johns. 28 ; a lease by deed
is surrendered by a valid parol lease : *Logan v. Anderson*

2 Doug. (Mich.) 101 ; 1 Washb. R. P. 476 ; rent cannot be exacted after notice to quit and abandonment: *Curtiss v. Miller* 17 Barb. 477 ; *Bates v. Phinney* 45 Mich. 388 ; *Home Ins. Co. v. Sherman* 46 N. Y. 370 ; a promise made in consideration of the fulfilment of a contract which the other party had not performed, is binding: *Moore v. Locomotive Works* 14 Mich. 272 ; *Munroe v. Perkins* 9 Pick. 305 ; *Lattimore v. Harsen* 14 Johns. 330 ; *Sanford v. Huxford* 32 Mich. 319 ; *Keeney v. Mason* 49 Barb. 254 ; the right in an action for rent to recoup damages for failure to repair exists where a valid promise to repair is made out: *Whitbeck v. Skinner* 7 Hill 53 ; *Dorwin v. Potter* 5 Den. 306 ; *Mayor v. Mabie* 13 N. Y. 151.

*Hewett & Freeman* for appellee. Performing one's agreement can furnish no consideration for a new promise to do the same thing: 1 Addison on Cont. 13 ; 1 Pars. Cont. (5th ed.) 437 ; *Goodale v. Holridge* 2 Johns. 193 ; *Russell v. Buck* 11 Vt. 176 ; *Reynolds v. Nugent* 25 Ind. 328 ; *Smith v. Bartholomew* 1 Met. 276.

CAMPBELL, J. Plaintiffs, as lessors of a building, sued defendant on the common counts for use and occupation. The claim they set up on trial was for rent under the covenants of a written lease.

Defendant based her defense on the substitution of a new verbal agreement whereby plaintiffs undertook to repair the building, and she sets up by way of recoupment, damages to her goods in the building.

The agreement which she sought to establish but which the circuit court held insufficient, was that the property was out of repair and she omitted to pay a part of the rent. Plaintiffs gave her notice to quit, and she accepting the notice, at once made arrangements to go into another building, but was induced to remain on the landlord's agreement to put the premises in order.

As the court took the case from the jury, and as the whole controversy essentially turns on the legal sufficiency of such an arrangement as defendant sets up, there is no

need of touching the minor questions, except possibly as to the form of the pleadings. It seems to have been claimed below that the declaration was really a declaration on the covenants of the lease, and the defendant's notice attached to her plea not sufficient to reach it. We do not think the declaration can be regarded as based on the written lease, in terms or in effect. Use and occupation may be sued for generally or specially, without reference to the form of the lease, and where the common counts are used such a defense as defendant relies on is proper under the general issue without any notice, except perhaps for a judgment for damages by way of recoupment, which the present notice is broad enough to cover, as we think it is also sufficient under plaintiff's own theory. The question therefore recurs upon the defense itself.

The main reasons set up against it are that it changes a written instrument, and is without consideration because a promise to pay the same rent already covenanted to be paid is only a promise to do a duty and forms no consideration for promises by the landlord.

It is agreed on both sides that the original lease did not require the landlord to repair. But defendant offered to show that he had given her notice to quit, and she had accepted it by proposing to act upon it by seeking other premises. This clearly justified her in treating the term as ended. The new agreement, while it adopted the annual rental of the old one, was a distinct and independent lease, valid although verbal, because for less than a year, and fixed the rights and duties of both parties. The change in terms negatives entirely the idea that it can be regarded as a continuance of the old lease. There is no rule of law forbidding the relinquishment of existing contracts and the substitution of new ones in their stead, and that is what was done here.

It was error, therefore, to refuse to allow legal force to the claims of defendant, and the judgment must be reversed, and a new trial granted accordingly.

The other Justices concurred.