# Adams, Appellant, *v.* Cook.

*Deed—Condition—Gift—Annuity—Support.*

In an action of ejectment to enforce conditions in a deed which were in effect that defendants should furnish to plaintiff a comfortable home and maintenance and to pay him a certain annuity each year, it is proper to admit evidence that plaintiff had made gifts of various instalments of the annuity to the defendants, and had evidenced this by giving to them receipts without receiving any money, and in such a case the court commits no error in charging that if the plaintiff was given a comfortable home at the house of the defendants, and treated as a man of his years ought to be treated, he could not recover the cost of maintenance and support elsewhere.

Argued May 6, 1901. Appeal, No. 319, Jan. T., 1900, by plaintiff, from judgment of C. P. Warren Co., Dec. T., 1898, No. 28, on verdict for plaintiff in case of Calvin Adams v. W. W. Cook and Amy A. Cook. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Ejectment to enforce conditions in a deed. Before Lindsey, P. J.

From the record it appeared that the land in controversy was once owned by Marilda Adams who in 1884, devised it to her son Roy " provided always that he shall give to my husband, Calvin Adams, a home during his lifetime, and a sum of fifty dollars each year so long as the said Calvin Adams lives or may live." Marilda Adams died in 1884. Shortly thereafter Roy Adams executed a deed in which all the heirs of Marilda Adams joined, together with Calvin Adams for the land in controversy to W. W. Cook and Amy A. Cook. This deed contained the following provision :

" Being the same land bequeathed by the last will and testament of Marilda Adams to Roy C. Adams. The property above is hereby deeded subject to the provisions in the last will of Marilda Adams, providing that the said property shall be subject to the keeping, support and maintenance of Calvin Adams, her husband, and the payment to him of fifty dollars per year during his lifetime and the support and a home for Minnie Adams, her granddaughter, until she reaches twenty-one years of age, or gets married. All of which W. W. Cook agrees to fulfil and carry out."

Defendants made the following offer:

Mr. Rice : We offer to show by the witness the circumstances attending the purchase of the property and to show that the property was purchased by the defendants, Mr. and Mrs. Cook, at the solicitation of Calvin Adams, the plaintiff, in order that he might make his home there with them, and that as an inducement to the purchase he stated to them that he would receipt to them for the annual payment of $50.00 a year until such time as he got old and needed it. To be followed by the proof of receipts given by Calvin Adams, the plaintiff, in pursuance of that arrangement, and proof of the actual value of the farm at the time of the purchase, as part of the res gestæ. This

for the purpose of establishing payment of the annual annuity of $50.00, for such time as defendants hold receipts for the payment.

Objected to as incompetent and irrelevant.

Objection overruled, and exception sealed for the plaintiff. [2]

The plaintiff claimed to recover not only all the annual instalments of the annuity from 1884, but also sums spent for support and maintenance after he left the house of W. W. Cook in September, 1898. Plaintiff claimed that he left the house because he had not been well treated. On this subject the court charged in part as follows :

A demand was made in writing by the plaintiff, which has been admitted in evidence for the purpose of showing demand. It was not read to you but we will now read it to you. And we say to you it is the duty of the court to construe written instruments, and in order that you may hear what this demand was we now read it to you:

" W. W. Cook, Russell, Pa. Dear Sir : I hereby demand that you pay me $3,301, being the arrears due and owing to me for my support, maintenance, clothing, physician bills, medicines, etc., and which you have failed to pay in accordance with the conditions expressed in the will of Marilda Adams, deceased, upon performance of which her real estate was to be held and owned by Eugene Adams and myself, conveyed to you the said real estate subject to your performance of the conditions mentioned in said will and which you agreed to perform, but which you have not done. The sum of $3,301, include expenditures made by me in performing those things which by said will and deed you were to perform, interest thereon and $50.00, annually in cash which was to be paid to me by the terms of said will and deed, but which you have not paid, during the years since the date of the will to the present time except the sum of $50.00."

Now, gentlemen of the jury, you will see that there is nothing in this demand made that they should furnish him another place to live or a demand that they should furnish him the price of living in lieu of keeping him ; but it was just a demand of money which he claims is due to him up to that date. So we say to you that there is no evidence here that would call upon us to construe the two instruments in writing, the deed and the

will, or that would justify us in saying that he had a right to live somewhere else. Under the evidence that question is not in this case. Therefore the question for you to determine is was he treated as a man of his years ought to be treated, at the home of W. W. Cook and given such a comfortable place to live as a man of his years ought to have ? If so there can be no recovery for maintenance or support.

Verdict and judgment for plaintiff for $141.89. Plaintiff appealed.

*Errors assigned* among others were (2) rulings on evidence, quoting the bill of exceptions; (16) above instruction, quoting it.

*H. J. Muse,* and *W. W. Wilbur,* for appellant.

*W. E. Rice,* of *Hinckley & Rice,* with him *Parmlee & Lindsey,* and *Allen & Son,* for appellee.

PER CURIAM, July 17, 1901:

In this case a verdict was rendered by the jury in favor of the plaintiff for the land described in the writ to be released upon payment of $141.89 within sixty days. The plaintiff being dissatisfied with the verdict appealed to this court where his nineteen assignments of error were duly considered and passed upon. The result of the examination of the assignments was a failure to discover in either of them any warrant for a reversal of the judgment entered by the learned court below. The assignments are therefore dismissed and the judgment entered as aforesaid is affirmed.