(36 Misc. Rep. 197.)

## PRECKER v. LONDON.

(Supreme Court, Appellate Term.  October, 1901.)

CONVERSION—WHAT CONSTITUTES.

Where plaintiff, having a check of $100, desired to pay a person $15, and defendant offered to take the check and cash it for him, and did so, and paid the debt of $15, and refused to return the balance, alleging that plaintiff owed him more than that amount on book account, he is liable as for a conversion, though he obtained possession of the check lawfully.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Elias Precker against Albert London.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Manheim & Manheim, for appellant.

Carl L. Schurz, for respondent.

McADAM, J.  On January 13, 1901, the plaintiff owned and had in his possession a bank check for $100, drawn by one Krauz. He needed $15 in cash to pay one Birnbaum, a broker, whereupon the defendant said, "Give me the check, and I will cash it for you." The defendant took the check, paid Birnbaum his $15, and refused to return the balance to the plaintiff, on the ground that the plaintiff owed him more than that on book account.  The action is for converting the check.  The plaintiff had judgment for $85, with a provision that the defendant was liable to arrest.  The defendant appeals.

Trover lies for paper representatives of value,—notes, checks, choses in action, corporate stock, or the like.  4 Am. & Eng. Enc. Law, 106; Murray v. Burling, 10 Johns. 172.  Conversion is the gist of the action.  This consists in any tortious act by which the defendant deprives the plaintiff of his goods either wholly or for a time.  2 Starkie, Ev. 842.  The conduct of the defendant clearly shows that he intended at the time he received the check to appropriate it to his own use, and he did so convert it.  He obtained possession of the check by his promise to cash it, which means to obtain the money on it, and hand it over to the plaintiff.  He obtained the money, but appropriated it to his own use.  His intent is easily inferred from the act of taking and using the check, which act was fraudulent in its inception and consummation.  That the defendant came lawfully into possession of the check is no objection to the action.  This is admitted in every action of trover, as distinguished from trespass, which always supposes the defendant to have come lawfully into the possession of the goods.  It is the breach of the trust or the abuse of lawful possession which constitutes the conversion.  These are familiar principles, as applicable to chattels, and there can be no good reason for not applying them to choses in action.  Murray v. Burling, 10 Johns. 175.  In a subsequent case (Woodworth v. Kissam, 15 Johns. 187) it was held

that where a creditor, by fraud or deception, obtains the goods of his debtor, the property is not changed, and he cannot apply them to the satisfaction of his debt, but the debtor may maintain trover against him. The defendant's possession of the check was for a specific purpose only, and the use of it for any other was a tortious act, which constituted a conversion. In Justices of Court of Special Sessions of New York Co. v. People, 90 N. Y. 12, 43 Am. Rep. 135, the defendant, who was a saloon keeper, received from the complainant a $20 gold piece, out of which to take pay for 25 cents' worth of liquor. Not being able to make change, the defendant was requested to go out and get the change. He went out, and lost the money in gambling. Held, that a conviction for larceny was proper. A bailee who tortiously converts a negotiable instrument may be sued either in trover, or for money had and received. 2 Daniel, Neg. Inst. § 1468. Whether trover for the check was or was not the plaintiff's appropriate remedy in this instance was not sufficiently raised below to require critical examination on appeal. The sole ground urged on the conclusion of the plaintiff's case was that he had not made out a cause of action. This related to the proofs, and not to the form of the action, and, as the evidence clearly established a right of recovery, the objection was unavailing. An order for the defendant's arrest might have been granted in the action (Consol. Act N. Y. [Laws 1882, c. 410] § 1304, subd. 3), and the fact that he was liable to imprisonment was properly stated in the judgment (Id. § 1386). The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.