ESTATE OF DOHM: BALTES, Administrator, Respondent, vs. KLIEF, Appellant.

*December 10, 1925—January 12, 1926.*

*Gifts: Forgiveness of a debt: Balance due on land contract: Appeal: Modification of part of judgment not appealed from.*

1. The vendor under an executory land contract, at a time when the vendee, his nephew, made a partial payment, stated that° he had paid enough on the home, directed the nephew to indorse "Paid in full" on the check, and said if they were not so busy they would go to a lawyer to have the papers drawn. *Held,* that the county court should have granted the petition of the vendee and directed the executor of the vendor to execute a conveyance of the lands mentioned in the contract, the transaction not involving the gift of an interest in lands but the forgiveness of a debt.   p. 631.

2. Where appellant petitioned the county court for an order directing the executor to execute a conveyance of lands, and in the alternative for the allowance of a claim for services rendered, and the court refused to direct the conveyance but allowed the claim in part, the supreme court, in reversing the judgment and directing a conveyance, has authority, under sec. 2405*m,* Stats., to direct the disallowance of the claim, though the respondent has not appealed nor brought the matter to this court for review under sec. 3049*a.*   p. 632.

APPEAL from a judgment of the county court of Dane county: A. G. ZIMMERMAN, Judge. *Reversed, with directions.*

*Edward Klief,* petitioner, petitioned the county court for an order requiring the administrator to execute a deed to the petitioner on behalf of the estate, conveying to him a certain house and lot known as 1211 Mound street, in the city of Madison.

The facts are not in dispute. January 17, 1920, the decedent, John Dohm, and wife entered into a land contract with the petitioner, *Edward Klief,* whereby they agreed to convey to the petitioner the premises in question for $6,000,

on condition that the petitioner should assume the mortgage of $3,000 on the premises, pay $500 in cash, and $25 a month until the full amount of the balance was paid, with interest at six per cent. on the deferred payments. The contract was fully performed on the part of the petitioner up to April 1, 1924. On March 29, 1924, John Dohm and the petitioner met in front of the Gay building, in the city of Madison. Two men, employees of *Mr. Klief*, were present. At that time *Klief* tendered Dohm a. check, payable to Dohm's order, for $25, dated April 1, 1924, as the monthly payment due on that date. Dohm took the check and then said, *"Eddie,* you have paid enough on the home." He then handed the check back to *Klief* and directed him to mark on the back, "Paid in full on home at 1211 Mound street." *Klief* wrote the words on the back as directed and handed the check back to Dohm. Dohm then said, *"Eddie,* when we are not so busy we are going up to Mr. Reynolds and fix up the papers." Thereafter Dohm, in the regular course of business, indorsed his name on the back of the check, deposited it in the bank, and received payment therefor.

*Klief* was a nephew of Dohm's wife, and as a young man had lived with Dohm and his wife and had been treated much as a son would be treated. There was mutual affection between Dohm and *Klief* thereafter and up to the time of Dohm's death. Besides, it appears that the petitioner had performed valuable services for Dohm and had disbursed some moneys of his own in behalf of Dohm, but had up to that time received no money therefor.

John Dohm was preceded in death by his wife. The land contract remained in the possession of Dohm until his death, and no deed of the premises to *Klief* had been executed. The county judge denied the plaintiff's petition and entered judgment accordingly. The petitioner appealed.

For the appellant there was a brief by *Bagley, Spohn & Reed,* attorneys, and *Frank A. Ross,* of counsel, all of Madison, and oral argument by *Mr. Ross.*

For the respondent there was a brief by *Tenney, Reynolds & Davis* of Madison, and oral argument by *Edward J. Reynolds.*

CROWNHART, J.    There is no controversy on the facts. *Klief* as a young man had made his home with the decedent and his wife.    He was a nephew of Mrs. Dohm and was treated as a son in the family.    There seems to have been warm affection between John Dohm and his nephew up to the time of his death.

The petitioner claims that he is entitled to a deed to the premises described as lot 5, block 11, Bowen's addition to the city of Madison, on the ground that the land contract had been executed on his part up to April 1, 1924, and that two or three days prior thereto he had paid by check to Dohm the April payment of $25, and that the balance of the debt was at that time forgiven by Dohm, and such forgiveness acknowledged by indorsement on the check of the words "Paid in full on home at 1211 Mound street," and that Dohm thereafter had indorsed the check, received payment thereon, and thereby acknowledged receipt in full of the intention and purpose of making the petitioner a gift of the unpaid balance.

This situation presents a question of law which has never squarely been passed upon by this court, so far as we are able to discover.    The general subject of gift is pretty well defined in the law.    There must be a present intention to give, and a surrender of dominion over the property given by the donor to the donee, such surrender to be evidenced by actual delivery of the property where it is capable of immediate delivery, or by the best evidence of delivery of which the subject is reasonably susceptible.    In the older

cases this rule was strictly enforced, but there has come a modification of the rule in later years indicating greater liberality in upholding gifts, in ,order to carry out the clear and unmistakable intention of the donor. In *Opitz v. Karel*, 118 Wis. 527, 530, 95 N. W. 948, Mr. Justice SIEBECKER expresses this modification as follows:

"The essential requirement in cases of gifts is that such a delivery shall be made as the nature of the subject sought to be bestowed reasonably admits of. Many of the strict requirements to the transfer of property by gift, indicated by the earlier cases, have been removed or relaxed to give a freer exercise to such a disposition of property. This modification of the law applies to what may be the subject of a gift, as well as the manner of executing it."

In the instant case there can be no question but that John Dohm intended to give to his nephew the remainder of the unpaid purchase price of the premises. He gave to him what is generally considered in the business world as a receipt in full of his obligation under the contract, and thus evidenced the gift in writing. The respondent contends that there was no gift because there was no surrender of the land contract, and relies on *Wilson v. Carpenter*, 17 Wis. 512. In that case a mortgage executed to secure the payment of a note was duly assigned and delivered under promise to transfer the note secured thereby to the claimant donee. The note was not surrendered. The court there said:

"She [the plaintiff] testifies that when her father gave her the mortgage he did not deliver the note. Indeed, as a matter of fact, the note never was in her possession or under her control, but always remained in the possession or under the control of her father after it was paid in November, 1860. About this there is no dispute. Now we suppose it to be a very clear proposition, that a delivery of the note was essential in order to pass title and give effect to the gift. The note was the principal, the mortgage the accessory.

While the note remained in the possession of the father, the gift was revocable."

It will be noted that the subject of gift in that case was a negotiable promissory note. While it remained in the hands of the assumed donor it could be negotiated. If he had intended to make the note a gift, it could have been readily delivered. But suppose the note had been marked "Paid in full" and signed by the donor, would there have been any question in the case that the debt had been forgiven? Certainly under the more liberal rule indicated by this court in *Opitz v. Karel, supra,* that would seem to have been sufficient.

In 12 Ruling Case Law, 944, it is said:

"A debt may be the subject of a gift by the creditor to his debtor, and is generally referred to as a forgiveness of the debt. The delivery may be accomplished by giving a receipt, even though not under seal and the debt is evidenced by a specialty, by surrendering the instrument evidencing the debt, or even by destroying it, if this is done with intent to cancel the debt; and the fact that the creditor reserves the right to interest on the debt does not affect the validity of the gift."

To the same effect see 28 Corp. Jur. 666. The principle as laid down in the above statement seems to be quite uniform in other jurisdictions. *Holmes v. Holmes,* 129 Mich. 412, 89 N. W. 47; *Green v. Langdon,* 28 Mich. 221; *Ferry v. Stephens,* 66 N. Y. 321; *Gray v. Barton,* 55 N. Y. 68; *Beaver v. Beaver,* 117 N. Y. 421, 22 N. E. 940; *Caldwell v. Gillis,* 2 Porter (Ala.) 526; *Fassett's Appeal,* 167 Pa. St. 448, 31 Atl. 686; *Leddel's Ex'r v. Starr,* 20 N. J. Eq. 274; *Adams v. Cook,* 200 Pa. St. 258, 49 Atl. 954; *Van Cleef v. Maxfield,* 103 Misc. 448, 172 N. Y. Supp. 923; *Morey v. Wiley,* 100 Ill. App. 75.

Counsel for respondent contend that the subject of gift claimed by appellant is an interest in land. We do not so interpret the gift. The situation was that *Klief* owed Dohm

money under the contract. This debt was the subject of the discussion and the subject of the receipt. This debt was forgiven, and the forgiveness acknowledged by a receipt in writing. At the time the petitioner made his application to the county court he had a fully executed contract for the conveyance of the premises in question. We think the court should have ordered the conveyance executed.

There is another phase to this appeal which must be considered. At the same time that the petition for the conveyance of the land was filed, the county court had before it a claim made by the appellant here against the estate of John Dohm for a considerable sum for services performed and money paid out by the appellant for John Dohm. The petitioner made no claim that he was entitled to both a conveyance of the premises and to an allowance of his claim so presented. The matter was considered by the county court as a claim in the alternative. The evidence is very clear on this. The county court allowed a portion of the claim of the petitioner for services and money disbursed, but disallowed the claim for the conveyance of the premises. The petitioner thereupon appealed from so much of the order as disallowed his petition for conveyance of the property, but did not appeal from that portion of the order allowing a portion of his claim for services. The respondent has not appealed from the order allowing petitioner's claim in the county court, and has not brought the matter before this court for review under sec. 3049a, now sec. 274.12, Stats. However, sec. 2405m, now sec. 251.09, Stats., provides:

"In any action or proceeding brought to the supreme court by appeal or writ of error, if it shall appear to that court from the record, that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the supreme court may in its discretion reverse the judgment or order appealed from, regardless of the question whether proper motions, objections, or exceptions appear in the record or not, and may also, in case of reversal, direct the entry of the proper judgment or

State ex rel. Schiewitz v. Wisconsin R. E. B. Board, 188 Wis. 632.

remit the case to the trial court for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with the statutes governing legal procedure, as shall be deemed necessary to accomplish the ends of justice."

It seems that justice requires that the mandate of this court should take note of the situation as it really is, in order that justice may be done.

*By the Court.*—The judgment of the county court is reversed, with directions to order a conveyance of the premises in question in this case to be duly made and executed to the appellant herein, and to disallow the appellant's claim against the estate for services and disbursements. If appellant has received payment of his claim so allowed, the deed is to be ordered executed only upon tender of the money so paid to him back into the county court. The appellant to have costs.