[Civil No. 2876.   Filed April 21, 1930.]

[286 Pac. 935.]

REGAL ASBESTOS MINES, INC., a Corporation, Appellant, v. TONY ROMO, Appellee.

Mr. Charles L. Rawlins and Mr. George H. Rawlins, for Appellant.

Mr. Graham Foster, for Appellee.

LOCKWOOD, C. J.—Tony Romo, hereinafter called plaintiff, brought suit against Regal Asbestos Mines, Inc., a corporation, hereinafter called defendant, for the rental value of a certain truck which plaintiff alleged he had rented to defendant, and for the reasonable value of certain equipment which plaintiff claimed defendant had allowed to be taken from the truck. Defendant answered with a general denial, and the matter was tried before a jury which returned a verdict in favor of plaintiff in the sum of $432, and after the usual motion for new trial had been overruled, this appeal was brought before us.

There are five assignments of error which raise in effect two questions of law. One, that there is a variance between the complaint and the proof in that the complaint sets up an action on a *quantum meruit,* while the evidence shows, if anything, a contract for a fixed sum so far as the rental of the truck is concerned; and second, that the court erred in the admission of certain evidence. The allegations of the complaint, so far as the rental of said truck is concerned, read as follows:

"That heretofore and on the 10th day of February, 1929, plaintiff hired to defendant, his certain Dodge Commercial Truck upon the implied promise of the defendant to pay plaintiff the reasonable value for the use of said truck of Five ($5.00) Dollars per day."

While this paragraph is not a model of pleading, we think the most reasonable construction is that it sets up an implied contract at the specific price of five dollars per day, and not a declaration in *quantum meruit* for the reasonable value of the use. In other words, the language in regard to reasonable value is an assertion that the *agreed* price is reasonable, and not that a price of five dollars is reasonable.

The evidence of plaintiff, if believed by the jury, would support the theory that plaintiff offered to rent the truck to defendant for the fixed price of five dollars per day, and that while no authorized agent of defendant expressly agreed to pay such amount, defendant's superintendent did take possession of the truck and use it under circumstances which would imply an acceptance of plaintiff's offer. This, if true, would create an implied promise of the nature set up in the complaint, and in such circumstances there would be no variance.

The second question, as to the alleged erroneous admission of evidence, is more serious. Plaintiff's testimony, as we have stated, tended to show an implied contract on the part of defendant to pay, for the use of the truck, the sum of five dollars per day so long as it retained possession of the same. Defendant, on the other hand, offered evidence tending to show that it rented the truck for a specified trip, and expressly agreed to pay therefor by causing the truck to be repaired in a certain manner, but never agreed, either expressly or impliedly, to pay any money for its use. The issue before the jury was thus narrowed to the question of what the nature of the particular contract made in February, 1929, was. Plaintiff offered to prove by his own testimony that approximately four months previously he had rented the same truck to defendant, and that it paid him the price of five dollars per day for some three or four days. Defendant objected to this evidence on the ground that it was irrelevant and immaterial to any of the issues in the case, and did not tend to prove or disprove any of the allegations of the complaint. The objection was overruled, and the evidence admitted. We think the objection should have been sustained. The fact that defendant might have in November, 1928, rented the truck in question from plaintiff, either on an express contract or a *quantum*

*meruit,* and paid for its use the sum of five dollars per day, would have no legal bearing whatever as to the terms of a contract made in February, 1929. The court apparently admitted it on the theory that it tended to prove the reasonable value of the use of the truck; but, as we have stated, that was not an issue, each party relying on an agreement for a fixed price. Further, the ruling is unquestionably prejudicial, for the jury might well have believed, from the fact the court admitted the evidence, that they were entitled to consider it in determining the terms of the contract.

The judgment of the superior court is reversed and the case remanded, with instructions to grant a new trial in accordance with the views set forth in this opinion.

McALISTER and ROSS, JJ., concur.