Hart, J.,
 

 dissenting. Unquestionably tbe acceptance of a check for a lesser sum on condition that it shall constitute a satisfaction of an unliquidated or disputed claim of greater amount, presently or past
 
 *32
 
 due, constitutes an accord and satisfaction. Here there is said to be a consideration for the release of tiie debt because of the uncertainty of its amount or because of uncertainty as to its validity. In this I fully agree with the majority opinion of this court.
 

 But what must be the rule where the debtor tenders a check to his creditor conditioned that it shall be in full satisfaction of the latter’s liquidated or undisputed claim of a larger amount and the check is retained and cashed by the creditor with a full and complete understanding of all the facts concerning the nature and character of the debt and the situation of the parties? Many courts have held, and quite unanimously so until recent years, that an accord and satisfaction may never take place under such circumstances because there is a lack of consideration to support the settlement.
 

 My apology for the length of this dissenting opinion lies in the fact of the great importance of the question involved, of the frequency of its recurrence as an issue to be determined by the courts, of the confusion which I fear may result from the decision of the court in this case in connection with the case of
 
 Gholson
 
 v.
 
 Savin,
 
 137 Ohio St., 551, 31 N. E. (2d), 858, 139 A. L. R., 75, decided by this court only two years ago, and of an effort to restate with some particularity the present state of the law on this subject as I view it.
 

 The doctrine that a liquidated or undisputed debt cannot be compromised by the payment of a lesser sum unless there is some collateral consideration for the settlement is perhaps mistakenly said to rest on Lord Coke’s dictum in
 
 Pinnel’s Case,
 
 3 Coke’s Reports (Part V, page 117a), 238, 77 Eng. Rep. R., 237 (1602), which was as follows:
 

 “Resolved by the whole court, that payment of a lesser sum on the day in satisfaction of a greater, can-hot be any satisfaction for the whole, because it ap
 
 *33
 
 pears to the judges that by no possibility, a lesser sum can be a satistaction to tne piamtili lor a greater sum; but tne gilt of a Horse, Hawn, or robe, etc., in satisfaction is good. H'or it snail be intended tnat a Horse, Hawk, or robe, etc., might be more beneficial to the plaintiff than the money, in respect of some circumstance, or otherwise the plaintiff would not have accepted of it in satisfaction. But when the whole sum is due, by no intendment the acceptance of parcel can be a satisfaction to the plaintiff.”
 

 Under the modern law of contracts, as I view it, the rule in
 
 Pinnel’s Case,
 
 above quoted, has no application to an executed agreement of settlement and release. Some authorities take the position that such an agreement of settlement constitutes a secondary contract having sufficient consideration to support it, while, others hold that the executed agreement resulting in mutual release cannot be attacked for want of consideration.
 

 It will be noted that in Lord Coke’s dictum there is no indication that the resolution of the court was based upon the doctrine of consideration. As a matter of fact, the doctrine of consideration had not, at that date, been adopted as an essential element of contracts. Besides, Coke’s position on that subject is not a matter of mere inference. We have his own explicit statement discriminating in the sharpest way between the operation of part payment as a satisfaction, and as a consideration. In the later case of
 
 Bagge
 
 v.
 
 Slade, 3
 
 Bulst., 162, 1 Rolle, 354, 81 Eng. Rep. R., 137, 530, he said:
 

 “If a man be bound to another by a bill in £1000 and he pays unto him £500 in discharge of this bill, the which he accepts of accordingly, and doth upon this, assume, and promise to deliver up unto him his said bill of £1000, this £500 is no satisfaction of the £1000, but yet this is good, and sufficient to make a good
 
 *34
 
 promise, and upon a good consideration, because he natn paid money five Hundred pound, and He hath no remedy for tfiis again.”
 

 It is interesting to note the interpretation which James Barr Ames, former Dean of Harvard Daw School and a learned legal historian, has given to the pronouncements in the two cases above referred to, when he said:
 

 “The frank way of dealing with these cases [in which two or more creditors compromise with their debtor upon payment óf a percentage of their claims] is to say that they can be supported only upon Coke’s view, that the payment of part of a debt is a good consideration for the creditor’s promise to relinquish ail claim to the rest. In his day, it is true, the only way in which the debtor could make use of such a promise was by a cross action. But in recent times such a promise would serve- as a bar to an action upon the partially paid debt, on the ground of avoiding circuity of action, since what the creditor recovered in his action against the debtor, he would have to repay as damages in the cross action.” • 12 Harvard Law Review, 526.
 

 The rule or doctrine of “no 'consideration,” attributed to Lord Coke in
 
 Pinnel’s Case,
 
 was, it is said on good authority, first announced by Lord Ellenborough in the case of
 
 Fitch
 
 v.
 
 Sutton,
 
 5 East, 230, 102 Eng. Rep. R., 1058 (1804), wherein he assumed to interpret but, according to Dean Ames, misinterpreted the holding in
 
 Pinnel’s Case,
 
 because he was unaware of, or failed to give consideration to the case of
 
 Bagge
 
 v.
 
 Slade, supra.
 

 Be that as it may, it is now well settled that a creditor may enter into a valid contract with his debtor, in consideration of part payment of the debt, not to prosecute an action to recover the balance of the claim, which such contract has been referred to' by the courts
 
 *35
 
 and law writers as a “covenant not to sue.” Many courts, in order to carry out the intent of the debtor and creditor who have consummated an agreement whereby the debtor has paid and the creditor received a sum on condition that it shall be in full satisfaction of a larger debt, have held that such an agreement is equivalent to a covenant on the part of the creditor not to sue, and thus in effect discharge the original obligation. Such courts hold that the sum paid is sufficient consideration for the secondary contract not to sue on the original obligation, and in case the creditor breaches his covenant by bringing suit on the original obligation, the debtor is entitled to recover as damages for breach of the latter contract an amount equivalent to that remaining unpaid on the original contract. Restatement of Contracts, 763, Section 405 (1), and comment on subsection (1);
 
 Reynolds
 
 v.
 
 Pinhowe.
 
 1 Roll Ab. 28, 78 Eng. Rep. R., 669;
 
 Johnson
 
 v.
 
 Astell,
 
 1 Lev., 198, 1 Keb., 155 S. C., 83 Eng. Rep. R., 367;
 
 Wilkinson
 
 v.
 
 Byers,
 
 1 Ad. & E., 106, 110 Eng. Rep. R., 1148;
 
 Callisher
 
 v.
 
 Bischoffsheim,
 
 L. R. 5 Q. B., 449 (1869-1870);
 
 Shadwell
 
 v.
 
 Shadwell,
 
 9 C. B. (N. S.), 159, 142 Eng. Rep. R., 62;
 
 Connelly
 
 v.
 
 Devoe,
 
 37 Conn., 570;
 
 Courtenay
 
 v.
 
 Fuller,
 
 65 Me., 156;
 
 Rollins
 
 v.
 
 Marsh,
 
 128 Mass., 116;
 
 Rogers
 
 v.
 
 Rogers,
 
 139 Mass., 440, 1 N. E., 122;
 
 Thomas
 
 v.
 
 Barnes,
 
 156 Mass., 581, 31 N. E., 683;
 
 Conkling, Gdn.,
 
 v.
 
 Tuttle,
 
 52 Mich., 630, 18 N. W., 391;
 
 Osborne
 
 v.
 
 O’Reilly,
 
 42 N. J. Eq., 467, 9 A., 209;
 
 Stewart
 
 v.
 
 Keteltas,
 
 36 N. Y., 388.
 

 I' concede that executory agreements to accept less than the full amount of a fixed and certain indebtedness without some collateral consideration to supply the
 
 quid pro quo
 
 for .the difference, are voidable and unenforcible before final consummation, but not so when fully executed. “An agreement by one person to discharge another from the obligations of a written con
 
 *36
 
 tract as a matter purely
 
 ex gratia
 
 and in the nature of a donation would be of no binding validity as a mere executory agreement and to be effectual must be fully executed by an actual release or surrender of the contract in writing.” 12 American Jurisprudence, 986, Section 407, citing
 
 Thurston
 
 v.
 
 Ludwig,
 
 6 Ohio St., 1, 67 Am. Dec., 328.
 

 .Many courts, especially in recent years, unwilling to be bound by the absurdities and injustice of the rule said to be announced in
 
 Pinnel’s Case,
 
 have ceased merely to criticize the rule and are-now holding,that where an agreement has been voluntarily made between debtor and creditor, whereby the latter agrees to receive a less sum than his liquidated or undisputed debt in full satisfaction of his debtor’s obligation, and the debtor has actually made payment accordingly, so that the new agreement has been consummated and executed, such settlement will constitute an accord and satisfaction, which cannot later be impeached by the creditor.
 

 “A contract once fully performed will never be disturbed for want of consideration. [12 American Jurisprudence, 987, Section 408, citing
 
 Lamb
 
 v.
 
 Morrow, Treas.,
 
 140 Ia., 89, 117 N. W., 1118, 18 L. R. A. (N. S.), 226]. After one party has performed, and the other party has accepted the performance of, a parol agreement modifying a written contract, it is too late to raise the question of a want of consideration for the modification.” 12 American Jurisprudence, 987, Section 408, citing
 
 La Plante
 
 v.
 
 Hubbard,
 
 125 Wash., 621, 217 P., 20; annotation L. R. A., 1915B, page 12.
 

 After a contract has been fully executed on both sides, the element of consideration has no function. “If one makes an executory contract which lacks consideration, he may avoid it when called on for performance, but if he executes the contract by perform
 
 *37
 
 anee lie cannot undo Ms voluntary act.” 17 Corpus Juris Secundum, 422, Section 71. See, also,
 
 In re Estate of Atms,
 
 153 Minn., 256, 190 N. W., 253;
 
 Sooy
 
 v.
 
 Winter,
 
 188 Mo. App., 150, 175 S. W., 132;
 
 Dallas Hotel Co.
 
 v.
 
 Buffington,
 
 (Tex.), 294 S. W., 610, 611;
 
 Planters National Bank of Fredericksburg
 
 v.
 
 E. G. Heflin Co.,
 
 166 Va., 166, 184 S. E., 216;
 
 Peavey
 
 v.
 
 Wells,
 
 136 Minn., 180, 161 N. W., 508;
 
 C. S. Brackett Co.
 
 v.
 
 Lofgren,
 
 140 Minn., 52, 167 N. W., 274, L. R. A., 1918F, 998;
 
 Colby
 
 v.
 
 Street,
 
 146 Minn., 290, 178 N. W., 599;
 
 Kauffman
 
 v.
 
 Kauffman,
 
 137 Minn., 457, 163 N. W., 780.
 

 Even “a sealed contract may be modified by a subsequent parol agreement if the latter has been executed or fias been so acted upon that tfie enforcing of tfie original contract would be inequitable.” 12 American Jurisprudence, 1008, Section 429, citing
 
 Very
 
 v.
 
 Levy,
 
 54 U. S. (13 How.), 345, 14 L. Ed., 173;
 
 Pratt
 
 v.
 
 Morrow,
 
 45 Mo., 404, 100 Am. Dec., 381;
 
 McKenzie
 
 v.
 
 Harrison,
 
 120 N. Y., 260, 24 N. E., 458, 8 L. R. A., 257, 17 Am. St. Rep., 638;
 
 McCreery
 
 v.
 
 Day,
 
 119 N. Y., 1,
 
 23
 
 N. E., 198, 6 L. R. A., 503, 16 Am. St. Rep., 793; annotation 55 A. L. R., 685, 689. Tfie doctrine fiere contended for is illustrated by cases involving tfie'agreement of public officers to accept less than tfie amount of their fixed salaries in full payment thereof. An -agreement by a public officer to accept a lesser sum ■than fiis fixed statutory salary is void while executory, but such officer will be denied a recovery when tfie ■agreement has been executed by tfie acceptance of tfie lesser sum as full payment.
 
 Barfield
 
 v.
 
 City of Atlanta, 53
 
 Ga. App., 861, 187 S. E., 407;
 
 DeBoest
 
 v.
 
 Gampbell,
 
 35 Ore., 368, 58 P., 72;
 
 Steele
 
 v.
 
 City of Chattanooga,
 
 19 Tenn. App., 192, 84 S. W. (2d), 590.
 

 Professor Williston in 1 Williston on Contracts, 417, ¡Section 120, after stating tfie common-law rule, says:
 

 “It has been held in several cases that payment of
 
 *38
 
 a reduced rent in accordance with a parol agreement satisfies the tenant’s obligation under the lease to pay a.larger sum.” Citing
 
 Julian
 
 v.
 
 Gold,
 
 214 Cal., 74, 3 P. (2d), 1009;
 
 Hurlbut
 
 v.
 
 Butte Kansas Co.,
 
 120 Kan., 205, 243 P., 324;
 
 Eisenberg
 
 v.
 
 C. F. Battenfield Oil Co.,
 
 251 Mich., 654, 232 N. W., 386;
 
 William Lindeke Land Co.
 
 v.
 
 Kalman,
 
 190 Minn., 601, 252 N. W., 650, 93 A. L. R., 1393, and annotation, 93 A. L. R., 1404, commented on, 32 Michigan Law Review, 1001;
 
 Bowman
 
 v.
 
 Wright,
 
 65 Neb., 661, 91 N. W., 580;
 
 McKenzie
 
 v.
 
 Harrison, supra; Conlan, Exrx.,
 
 v.
 
 Spokane Hardware Co.,
 
 117 Wash., 378, 201 P., 26;
 
 In re Estate of Dohm,
 
 188 Wis., 626, 206 N. W., 877;
 
 Ossowski
 
 v.
 
 Wiesner,
 
 101 Wis., 238, 77 N. W., 184;
 
 Sherman, Clay & Co.
 
 v.
 
 Buffum & Pendleton,
 
 91 Ore., 352, 179 P., 241.
 

 Also in a note to the same section appears the following :
 

 ‘‘In
 
 Barnett
 
 v.
 
 Rosen,
 
 235 Mass., 244, 126 N. E., 386, 387, a wife’s payment of less than her own judgment debt in return for the creditor’s indorsement of satisfaction in full not only on the execution against her, but also on an execution which he held on a judgment for a larger sum against her husband, was sustained.”
 

 The rule as applied to executed contracts has been directly repudiated by judicial decision in the following cases:
 
 Rye
 
 v.
 
 Phillips,
 
 203 Minn., 567, 282 N. W., 459, 119 A. L. R., 1120;
 
 Clayton, Admr.,
 
 v.
 
 Clark, Exr.,
 
 74 Miss., 499, 21 So., 565, 37 L. R. A., 771;
 
 Frye, Exr.,
 
 v.
 
 Hubbell,
 
 74 N. H., 358, 68 A., 325, 17 L. R. A. (N. S.), 1197;
 
 Dreyfus v. Roberts,
 
 75 Ark., 354, 87 S. W., 641, 69 L. R. A., 823;
 
 Ford
 
 v.
 
 Hubinger,
 
 64 Conn., 129, 29 A., 129;
 
 Draper
 
 v.
 
 Hitt,
 
 43 Vt., 439, 5 Am. Rep., 292. The rule has also been abrogated by broad statutory enactments by at least a dozen states, including the state of New York. The fonn of the New York statute, adopted in 1936, is as follows:
 

 
 *39
 
 “An agreement hereafter made to change or modify, or to discharge in whole or in part, any contract, obligation, or lease, or any mortgage or otner security interest in personal or real property, shall not be invalid because of the absence of consideration, provided that the agreement changing, modifying or discharging such contract, obligation, lease, mortgage or security interest, shall be in writing and signed by the party against whom it is sought to enforce the change, modification or discharge.” Vol. 1, Laws of N. Y. (1936), 614, Chapter 281, Section 279.
 

 The same effect is given without the aid of statute to a receipt in full in a few states, most of which have modified by statute the common-law rules as to sealed instruments. See
 
 Dreyfus
 
 v.
 
 Roberts, supra; Aborn
 
 v.
 
 Rathbone,
 
 54.Conn., 444, 8 A., 677;
 
 Johnson
 
 v.
 
 Cooke,
 
 85 Conn., 679, 84 A., 97;
 
 Marysville Development Co.
 
 v.
 
 Hargis,
 
 41 Idaho, 257, 239 P., 522;
 
 Finlayson, Admx.,
 
 v.
 
 Harris,
 
 49 Idaho, 697, 291 P., 1071;
 
 Diehl
 
 v.
 
 McKinnon,
 
 173 Ia., 32, 155 N. W., 259, L. R. A. 1916C, 384;
 
 Flynn
 
 v.
 
 Hurlock,
 
 194 Pa., 462, 45 A., 312,
 
 Lorenzo
 
 v.
 
 Rinn,
 
 298 Pa., 108, 148 A., 53.
 

 In this connection the editors of .American Law Reports, in an annotation appearing in 119 A. L. R., 1123, call attention to a large number of cases wherein the rule in question has been severely criticized and its application generally denied through some fantastic device of the courts to escape an unjust or improper result. In connection with this annotation thé editors, in commenting upon the rule, say:
 

 “In the course of its history there have been so many additional exceptions engrafted upon it by the courts in this country, that even in jurisdictions where it is not entirely repudiated by statute or judicial decisions, the rule, while still theoretically obtaining at the present time, largely serves as the background for the application of some exception to it which in the
 
 *40
 
 great majority of the cases precludes or forecloses its applicability.” See also
 
 Cantrall
 
 v.
 
 Waterman,
 
 70 Cal. App., 184, 188, 232 P., 997;
 
 McGregor
 
 v.
 
 Farmers’ State Bank of Washington,
 
 114 Kan., 356, 219 P., 520; 27 Yale Law Journal, 535, 31 Yale Law Journal, 15; 50 Harvard Law Review, 1314; 54 Law. Quar. Review, 233.
 

 In line with what I believe is a modern trend represented by these authorities, this court two years ago in the case of
 
 Gholson
 
 v.
 
 Savin, supra,
 
 held that:
 

 “While an executory agreement on the part of a creditor to accept in payment and full satisfaction of a liquidated claim a sum less than the amount of such claim, without any additional consideration to support such agreement, is ordinarily not enforcible at law, yet if such agreement has been executed and settlement made accordingly, or has been made with some benefit or advantage to the creditor, however slight,, it will operate as a full discharge of the debt in accordance with the intention of the parties.”
 

 That case, since its decision, has been cited and commented upon by commentators and the law magazines of this country with general approval and commendation. See 15 University of Cincinnati Law Review, 319; 40 Michigan Law Review, 317; 50 Yale Law-Journal, 1485; 7 Ohio State Law Journal, 463.
 

 The majority opinion in discussing the case of
 
 Gholson
 
 v.
 
 Savin, supra,
 
 seeks to justify the holding in that case and differentiate it from the case at bar because the settlement there related to a judgment which wascancelled of record by means of a court entry. The form or character of proof in that case, in my judgment, was not controlling in its decision. They only-emphasized the solemnity with which the parties entered in the contract of settlement. The fact that the cancellation of the judgment was evidenced by a journ
 
 *41
 
 al entry approved by tbe court, in my judgment, did not give it any greater efficacy than would a receipt in full signed by tbe judgment creditor who received tbe settlement money. Tbe court, after tbe rendition of tbe judgment, lost all jurisdiction in tbe case except to issue process to enforce and satisfy tbe judgment according to statutory procedure. The controlling principle in tbe
 
 Gholson
 
 v.
 
 Savin case
 
 was based upon tbe fact that tbe parties bad deliberately entered into a contract of settlement which bad been fully executed and carried out according to tbe intentions of tbe parties. Tbe character of tbe evidence of such settlement was unimportant.
 

 While it is elementary that consideration is necessary in tbe creation of a contract, tbe act of an obligee in surrendering a part of bis claim to bis debtor does not create a new contract. A. creditor may discharge bis debtor without any consideration.
 
 Sheehy
 
 v.
 
 Mandeville,
 
 10 U. S. (6 Cranch), 253, 3 L. Ed., 215. Tbe transaction, if allowed to take effect, is fully executed and tbe claim extinguished. 31 Yale Law Journal, 15.
 

 Mr. Williston in note 9 to Section 120, 1 Williston ■on Contracts (Rev. Ed.), 419, says:
 

 “In New York part payment will discharge tbe obligation where there is evidence of delivery of receipt in full with intention of making a gift of the balance to tbe debtor.” Citing
 
 Gray
 
 v. Barton, 55 N. Y., 68, 14 Am. Rep., 181;
 
 Ferry
 
 v.
 
 Stephens,
 
 66 N. Y., 321;
 
 ‘Carpenter
 
 v.
 
 Soule,
 
 88 N. Y., 251, 42 Am. Rep., 248;
 
 McKenzie
 
 v.
 
 Harrison, supra,
 
 all decided before 1936;
 
 Holmes
 
 v.
 
 Holmes,
 
 129 Mich., 412, 89 N. W., 47, 95 Am. St. Rep., 444;
 
 In re Dohm’s Estate, supra;
 
 35 Yale Law Journal, 890:
 
 Gholson
 
 v.
 
 Savin, supra;
 
 and in note 4, page 417: “For an example of so-called ‘waiver’ of balance of claim, see
 
 Southern Pacific Co.
 
 v.
 
 United States,
 
 268 U. S., 263, 69 L. Ed., 947, 45 S. Ct., 500.”
 

 
 *42
 
 In the case at bar the main question at issue is whether the acceptance of the check of the defendant under the circumstances constituted an accord, and satisfaction. The effect and consequences of the acceptance by the creditor of a conditional tender of payment by the debtor, is well stated in 1 Corpus Juris Secundum, 528, Section 34, as follows:
 

 “The payment of a part of a debt or demand will not discharge the whole thereof without an acceptance of such partial payment as satisfaction. Such acceptance may be actual, by an express and affirmative agreement or consent to receive a partial payment in settlement of the whole debt or demand, or it may be constructive, or implied in law, by the acceptance of a partial payment tendered on the condition that it be accepted in full settlement. In the latter case, actual or express assent or acceptance in satisfaction, apart from acceptance and retention of the payment, is not required, nor is the execution of a receipt necessary, and even an affirmative refusal to consent to the satisfaction and discharge of the demand is unavailing.
 
 [Hudson
 
 v.
 
 Yonkers Fruit Co., Inc.,
 
 258 N. Y., 168, 179 N. E., 373, 80 A. L. R., 1052]. That is to say, where a claim or demand or the circumstances surrounding it, are such that it is capable of being satisfied by a payment of less than the amount due or claimed, and such a payment is tendered to the creditor on condition that it be accepted, if at all, in full discharge of his claim or demand, or in such manner or under such circumstances that he knows, or is bound to know, that it is intended to be in full satisfaction, he has but two-alternatives open to him:
 
 [Hudson
 
 v.
 
 Yonkers Fruit Co., Inc., supra]
 
 he may either reject the payment, and' refuse to receive it, in which case no accord and satisfaction is effected, and it becomes the duty of the creditor to return the payment without making use of
 
 *43
 
 it, or, at the least, to give the debtor opportunity to-say whether he will waive the condition and allow the-payment to be credited on account; or he may accept, and retain the payment, in which case, unless such acceptance is clearly and definitely conditional, or unless the debtor waives, or ceases to insist upon, the-condition attached to the tender, the creditor takes, the payment subject to the condition on which it was-tendered, and an accord and satisfaction is accordingly effected, in the absence of fraud, imposition, or mistake, regardless of any protest or contention he may make to the contrary
 
 [Hudson
 
 v.
 
 Yonkers Fruit Co., Inc., supra],
 
 and of his state of mind, purpose or intention [Dr
 
 own’s Gdn.
 
 v.
 
 Chesley’s Estate (Jones
 
 v.
 
 Campbell),
 
 92 Vt., 19, 102 A., 102, L. R. A., 1918A, 1056] or mental reservations, or of any belief on his part, although based on legal advice, that his acceptance will not result in an accord and satisfaction, or of his ignorance that it will so result, and notwithstanding he-declares or notifies the debtor that the amount paid is not all that is due, or that he is applying it on account, or as part payment, only
 
 [Whittaker Chain Tread
 
 Co. v.
 
 Standard Auto Supply Co.,
 
 216 Mass., 204, 103 N. E., 695, 51 L. R. A. (N. S.), 315, Ann. Cas. 1915A, 949], and it is immaterial that he sends a receipt for the payment ‘on account,’ or that he refuses to sign, or send a receipt in full.”
 

 All courts recognize that a debtor has the right of disposition of his own money in the payment of his obligations and no creditor can lawfully appropriate the money of his debtor to account or debt against the will of the latter without due process of law, unless the debtor owes the money in the capacity of agent or fiduciary, in which event, it is not his own money but that of his principal or beneficiary. The debtor therefore has the right to attach such conditions to his pay
 
 *44
 
 ment as lie sees fit, independently of whether the debt is liquidated or undisputed, and such condition cannot be disregarded by the creditor without legal consequences hereafter discussed.
 
 Stewart
 
 v.
 
 Ho1kins,
 
 30 Ohio St., 502, 539; 3 Williston on Contracts (1920 Ed.), 3106, Section 1795;
 
 Precker
 
 v.
 
 London,
 
 73 N. Y. Supp., 145;
 
 Hudson
 
 v.
 
 Yonkers Fruit Co., Inc., supra.
 

 On this subject, Judge Cardozo, speaking for the court in the last case cited, said:
 

 ‘ ‘ The question then is whether the acceptance of the check without approval of the deduction is to be viewed as the breach of a condition lawfully imposed. A debtor paying his own money may couple the payment with such conditions as he pleases
 
 (Nassoiy
 
 v.
 
 Tomlinson,
 
 148 N. Y., 326, 331 [42 N. E., 715]; 3 Williston on Contracts [1920 Ed.], 3175, Section 1854). The mere fact that he is a debtor does not deprive him of that privilege. If he has the title to the money, he may pick and choose among his creditors, or refusing to pay any one until coerced by' legal process, may keep the money for himself. Prom this the rule has grown up in connection with the satisfaction of unliquidated demands that one who sends a check to another upon a condition explicitly declared that the demand shall be extinguished or the check sent back unused, may hold the creditor to the condition, however embarrassing the choice. * * * The use of the check in violation of the condition would be an act of conversion. What is said or written by the creditor may be a refusal to assent. The law imputes to him an assent on the basis of his acts.. *
 

 The rationale of this rule, as applied to the acceptance of checks conditioned that acceptance shall constitute full payment of an obligation, is that the debtor is disposing of his own money, and may, therefore, attach whatever condition he may choose to the dis
 
 *45
 
 position. To take the money and at the same timo ignore the condition on which it was offered would amount to a conversion on the part of the creditor. Under such circumstances the law will deem the money to have been taken by the creditor lawfully and not tortiously, and will declare that its retention when tendered in full satisfaction of an obligation gives rise to an irrebuttable presumption that the condition has-been accepted. “* * * the creditor is not allowed to assert his tortious conversion, though the effect of such a ruling is to fix upon him a bargain which he never made.” 3 Williston on Contracts (1920 Ed.), 3178, Section 1855.
 

 “It is a general principle that where an act may rightfully be done with certain consequence or effect, the actor cannot assert for his own advantage to avoid that effect, that the act was done wrongfully. * * * The imposition of an accord and satisfaction on the creditor against his will can be justified only where his taking the check would be tortious except on the assumption of a taking in full satisfaction.” 3 Willis-ton on Contracts (1920 Ed.), 3179, Section 1856; 1 Restatement of Contracts, 77, Section 72 (2);
 
 Hudson
 
 v.
 
 Yonkers Fruit Co., Inc., supra.
 

 The rules of offer and acceptance apply. Where a tender of payment is made upon certain conditions, the creditor has no right to accept the tendered payment and disregard the conditions attached. If he exercises dominion over the thing offered or tendered, he will be bound by the conditions.
 
 Grouf
 
 v.
 
 State Natl. Bank of St. Louis,
 
 76 F. (2d), 726;
 
 Regal Asbestos Mines, Inc.,
 
 v.
 
 Romo,
 
 36 Ariz., 456, 286 P., 935; 1 Restatement of Contracts, 77, Section 72 (2), and illustration 8;
 
 Beck Electric Construction Co.
 
 v.
 
 National Contracting Co.,
 
 143 Minn., 190, 173 N. W., 413.
 

 I concede that to constitute an accord and satisfaction by the acceptance of a check conditioned that such
 
 *46
 
 acceptance shall constitute a full satisfaction of an unliquidated or disputed debt, or of a liquidated debt for a larger amount, there must be a full understanding of the facts involved; there must be absence of fraud, imposition or mistake; and the circumstances must be such that the law will imply an acceptance by the creditor of the tender and condition attached by the debtor. In some instances, these cases may involve questions of fact to be submitted to a jury; but where the facts are not in dispute, there is only a question of law to be determined by the courts.
 

 In the instant case I agree with the majority opinion that there is a dispute in the evidence as to the amount, if any, due to the plaintiff from the defendant. There is a dispute as to the amount of commissions to be paid and as to how long the contract for commission was to continue in force. But these are disputes as to the interpretation of the facts rather than as to the facts themselves and at most were merged in the settlement if there was one. Consequently, in my judgment, there was an accord and satisfaction and the judgment of the Court of Appeals should be affirmed. On the other hand, if the Court of Appeals cannot be sustained in entering final judgment, the case should be remanded for a new trial, because, in charging the jury before argument, the court failed to submit the issue of accord and satisfaction as requested.
 

 . The old rule which has become obnoxious to the law, if applicable to executed agreements of settlement, breeds dishonesty and unnecessary litigation. It encourages duplicity on the part of the creditor to pretend to make a settlement with his debtor and get as much cash as possible from him and then disregard the ethics of fair dealing and sue the creditor for the remainder. The courts also experience difficulty in the application of this rule, in determining whether a claim is liqui
 
 *47
 
 dated or unliquidated, disputed or undisputed, and if disputed whether the dispute is
 
 bona fide
 
 or otherwise. This difficulty and expense of litigation is well illustrated in the instant case which has already been twice tried in the Common Pleas Court, twice reversed by the Court of Appeals and is. now disposed of by this court, as I see it, without a proper consideration of the issue of accord and satisfaction asserted by the defendant, because of error in its submission to the jury which rendered the verdict upon which the judgment is based.
 

 I concur in paragraphs two and three o,f the syllabus but dissent from the first paragraph thereof and from the judgment.